Mr. Doug Hatcher P.O. Box 1431 Cabot, AR 72023
Dear Mr. Hatcher:
This is in response to your request for recertification of a popular name and ballot title for a proposed act. This office certified a popular name and ballot title for your original submission on February 9, 1998, as evidenced by Attorney General Opinion 98-027. On March 5, 1998, we received your request for recertification due to the misspelling of the word "furlough" in the original proposed act. This recertification, Opinion 98-027A, is hereby substituted for the previous certification.
You have submitted the following popular name and ballot title in connection with the proposed act:
(Popular Name)
 an act to impose a minimum term of imprisonment before certain offenders are eligible for parole or transfer
(Ballot Title)
 a proposed act requiring any person who is found guilty of or pleads guilty or nolo contendere to murder, kidnapping, rape, causing a catastrophe, or any other felony offense involving the use of a deadly weapon shall not be eligible for parole or transfer until the person serves eighty-five percent (85%) of the term of imprisonment to which the person is sentenced, nor shall they be eligible for any work-study release under act 309 of 1983 as amended, any other work release program, meritorious good time, or meritorious furloughs.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed act. See Arkansas Women'sPolitical Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846
(1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v.McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v.McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, and Waltonv. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is therefore certified in order to ensure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed act:
(Popular Name)
 an act requiring that certain offenders serve 85% of their prison terms before they are eligible for parole or transfer
(Ballot Title)
 an act providing that any person who is found guilty of or pleads guilty or nolo contendere to murder in the first or second degree, kidnapping, rape, causing a catastrophe, or any other felony offense involving the use of a deadly weapon shall not be eligible for parole or transfer until they serve eighty-five percent (85%) of the term of imprisonment to which they are sentenced; nor shall they be eligible for any work-study release program under act 309 of 1983 as amended, or any other work release program, or meritorious good time, or meritorious furlough; making the act applicable at sentencing for all persons who are found guilty of or plead guilty or nolo contendere to any of the enumerated offenses on the date of approval of the act; providing that the act is amendatory to the arkansas code of 1987; declaring the provisions of the act severable; and repealing all laws and parts of laws in conflict with the act.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosure